# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TOMMIE L. CARTER, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS P. BRADY, <br><br> Defendant. | Case No. 17-CV-8-JPS <br><br><br> **ORDER** |

Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated while he was incarcerated at Racine Correctional Institution. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #7). The Court has waived Plaintiff's initial partial filing fee because of his inability to pay such a fee. (Docket #8).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at

774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court

must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on September 20, 2016, he informed Defendant, a nurse employed at the prison, that he was going to attempt suicide by cutting himself later that day. (Docket #1 at 1). Plaintiff does not say what Defendant did or said in response, but the Court must assume at this stage that Defendant ignored Plaintiff's suicide threat. *See id.* Later that night, Plaintiff used a razor blade to cut his neck and arm. *Id.* at 2. Correctional officers found him lying unconscious in a pool of his own blood. *Id.* Plaintiff was taken to see Defendant in the Health Services Unit. *Id.* Defendant allegedly told Plaintiff that "stupid people like you don't deserve to be medically treated, because you are only going to do it again, to seek attention and manipulate the environment." *Id.* Plaintiff says that he responded by wishing that Defendant's family would die and by refusing to let Defendant touch him. *Id.*

Defendant thereafter cleaned and bandaged Plaintiff's wounds. *Id.* However, Defendant refused Plaintiff's request to be sent to the hospital for

further treatment, saying that it was not warranted based on Plaintiff's injuries. *Id.* at 2–3. Plaintiff alleges that he was transferred to Waupun Correctional Institution the next day and that medical staff there determined that he should be sent to the hospital for his wounds. *Id.* at 3. Plaintiff claims that Defendant's decision to ignore the serious risk that he would attempt suicide violated the Eighth Amendment. *Id.*[1]

Plaintiff's allegations suffice at the screening stage to state a claim for a Defendant's deliberate indifference to his serious medical need—here, his risk of suicide—in violation of the Eighth Amendment. To state a claim of deliberate indifference to a serious medical need, the plaintiff must show: (1) an objectively serious medical condition; (2) that the defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused the plaintiff some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry here, like that applicable to conditions of confinement, has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Even if an official is aware of the

---

[1]Plaintiff also asserts that on September 21, 2016, Defendant "partially fabricated the information in the progress notes" from September 20, 2016 "in [an] attempt to prevent or obstruct an investigation" (Docket #1 at 4). In the notes, Defendant wrote that Plaintiff had merely picked scabs off of old scars to cause himself to bleed that night. *See id.*; (Docket #1-1 at 8). Plaintiff asserts that this statement was false; he made fresh cuts with a razor. (Docket #1 at 4). He submitted a request for the notes to be amended, but apparently that request was not granted. *See id.* Plaintiff also alleges similar fabrications by several correctional officers in their incident reports about the events of September 20, 2016. *See id.* However, Plaintiff makes no attempt to state a claim arising from these fabrications, nor does he identify what constitutional provision this conduct would violate. He focuses exclusively on the Eighth Amendment claim instead. *See id.* Defendant's fabrications the day after the incident have nothing to do with the medical treatment Defendant provided. They are at best evidence that supports Plaintiff's Eighth Amendment claim, but they are not separately actionable under the Eighth Amendment.

risk to the inmate's health, "he is free from liability if he 'responded reasonably to the risk, even if the harm ultimately was not averted.'" *Id.* (quoting *Farmer*, 511 U.S. at 843). Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). Construing Plaintiff's allegations liberally, the Court finds that Plaintiff should be permitted to proceed on this claim. *See Estate of Novack ex rel. Turbin v. Cnty. of Wood*, 226 F.3d 525, 529 (7th Cir. 2000) ("In order to be liable under the Eighth Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act."). It may be that Defendant responded adequately to Plaintiff's threat of suicide, or it may be that Plaintiff's version of events is inaccurate, but given the low bar applied at the screening stage, the Court finds it appropriate to let this claim proceed.

For the reasons stated above, the Court finds that Plaintiff may proceed on the following claim: an Eighth Amendment claim of deliberate indifference to his serious medical need arising from Plaintiff's threat of suicide and suicide attempt on September 20, 2016.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #7) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's complaint and this order will be electronically sent to the Wisconsin Department of Justice for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer incarcerated any of these institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue

Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge